**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| SHIVA STEIN, | : |
| Plaintiff, | : **CIVIL ACTION NO:** _____ |
| - against - | : |
| | : **COMPLAINT** |
| CHARTER COMMUNICATIONS, INC., | : |
| Defendant. | : |

---

Plaintiff, Shiva Stein, alleges, upon information and belief based upon, *inter alia*, the investigation made by and through her attorneys, except as to those allegations that pertain to the plaintiff herself, which are alleged upon knowledge, as follows:

## NATURE OF THE ACTION

1. This is a direct stockholder action under Section 14(a) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78n(a) (the "Exchange Act") for injunctive relief.

2. Plaintiff, a stockholder in Charter Communications, Inc. (Charter or the Company), seeks to require Charter to comply with the disclosure rules promulgated by the United States Securities and Exchange Commission ("SEC") under the Exchange Act, including 17 C.F.R. § 240.14a-101 (Item 10(a)(1)) ("Item 10(a)(1)").

3. Item 10(a)(1) requires:

    Compensation Plans. If action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed, furnish the following information:

    (a) Plans subject to security holder action.

    (1) Describe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate

        therein, indicate the approximate number of persons in each such class, and state the basis of such participation.

4.     Charter has failed to comply with this rule with regard to a board proposal on compensation plans – Proposals 2 and 3 – which are scheduled for a stockholder vote at the Charter April 26, 2016 annual stockholders' meeting.

5.     Plaintiff seeks an injunction to (1) prevent a stockholders' vote on Proposal 2, which requests stockholder approval of Charter's 2016 Executive Incentive Performance Plan effective February 2, 2016 (the EIPP) (Item 2 on Proxy Card) until the information required by Item 10(a)(1) with regard to this plan is provided to stockholders; and (2) to prevent a stockholders' vote on Proposal 3, which requests stockholder approval to increase the number of shares of Class A common stock in the Company's 2009 Stock Incentive Plan (the 2009 Plan) by Ten Million Shares and Increase the Annual Grant Limits (Item 3 on Proxy Card), until the information required by Item 10(a)(1) with regard to this plan is provided to stockholders.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the subject matter of this action pursuant to Section 27(a) of the Exchange Act.

7.     In connection with the acts, omissions, conduct, and wrongs alleged herein, Defendant used the mails and the means or instrumentalities of interstate commerce.

8.     Venue is proper in this district because as allowed under Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a), for this district is where the violation at issue in this case occurred because the Plaintiff is a resident of this district.

## PARTIES

9.     Plaintiff is, and has been continuously since June 16, 2014, a holder of Charter Class A common stock.

10. Charter is a corporation organized under the laws of the State of Delaware. The Company's last fiscal year ended December 31, 2015. As of December 31, 2015, it had 112,438,828 shares of Class A common stock issued and outstanding. The Company's Class A common stock is traded on the NASDAQ Global Select Market under the symbol CHTR. Charter provides cable services to commercial and residential customers consisting of television, telephone and internet.

## WRONGFUL ACTS AND OMISSIONS

11. Charter has scheduled an annual stockholder meeting for April 26, 2016. It furnished the proxy statement for this annual meeting ("Proxy Statement") on or about March 17, 2016 to solicit their proxies for four proposals.

12. SEC regulation 17 C.F.R. § 240.14a-3(a), requires that public companies may not solicit stockholder votes without furnishing a proxy statement "containing the information specified in Schedule 14A."

13. Item 10(a)(1) of Schedule 14A requires that "[i]f action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed," the proxy statement soliciting this vote must "[d]escribe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation."

14. Proposals 2 and 3 of the Proxy Statement at issue here failed to disclose the classes of eligible participants, their approximate number, and the bases of their participation for the EIPP and the 2009 Plan. Thus, this proposal does not comply with the SEC regulations.

## COUNT I

### (Exchange Act Violations of Proposal No. 2)

15. Paragraphs 1 through 14 state a direct claim for relief against the Company under Section 14(a) of the Exchange Act for acting in contravention of the "rules and regulations" prescribed by the SEC.

16. As a result of these actions, plaintiff will be injured, and she has no adequate remedy at law. She will suffer irreparable harm in the form of an uninformed vote on Proposal 2 if no action is taken to ameliorate this harm.

17. To ameliorate the injury, injunctive relief is required in the form of an amended proxy statement that provides the information required by Item 10(a)(1) with regard to Proposal 2.

18. Consequently, Charter should be enjoined from presenting Proposal 2 for a stockholder vote at the April 26, 2016 annual meeting or certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Charter stockholder in connection with Proposal 2 in Charter's Proxy Statement.

## COUNT II

### (Exchange Act Violations of Proposal No. 3)

19. Paragraphs 1 through 14 state a direct claim for relief against the Company under Section 14(a) of the Exchange Act for acting in contravention of the "rules and regulations" prescribed by the SEC.

20. As a result of these actions, plaintiff will be injured, and she has no adequate remedy at law. She will suffer irreparable harm in the form of an uninformed vote on Proposal 3 if no action is taken to ameliorate this harm.

21. To ameliorate the injury, injunctive relief is required in the form of an amended proxy statement that provides the information required by Item 10(a)(1) with regard to Proposal 3.

22. Consequently, Charter should be enjoined from presenting Proposal 3 for a stockholder vote at the April 26, 2016 annual meeting or certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Charter stockholder in connection with Proposal 3 in Charter's Proxy Statement.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff requests the following relief:

A. A preliminary and permanent injunction, enjoining Charter from:

    (i) certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Charter stockholder in connection with Proposal 2 in Charter's Proxy Statement;

    (ii) presenting Proposal 2 for a stockholder vote at the April 26, 2016 annual meeting;

    (iii) otherwise proceeding at its April 26, 2016 annual shareholders meeting or at any other time in a manner inconsistent with Item 10(a)(1);

    (iv) certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Charter stockholder in connection with Proposal 3 in Charter's Proxy Statement;

    (v) presenting Proposal 3 for a stockholder vote at the April 26, 2016 annual meeting; and

      (vi)    otherwise proceeding at its April 26, 2016 annual shareholders meeting or at any other time in a manner inconsistent with Item 10(a)(1).

    B.    Awarding such other and further relief, whether similar or different, as this Court deems just and proper.

Dated: March 24, 2016                              **BARRACK, RODOS & BACINE**

                                                           By: /s/ A. Arnold Gershon
                                                               A. Arnold Gershon
                                                               Michael A. Toomey
                                                               Eleven Times Square
                                                               640 8th Avenue, 10th Floor
                                                               New York, NY 10036
                                                               Telephone: (212) 688-0782
                                                              Facsimile: (212) 688-0783

                                                              *Attorneys for Shiva Stein*